NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1443

STATE OF LOUISIANA

VERSUS

DARRELL LAMONT ALGERE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-61
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

APPEAL DISMISSED;
REMANDED FOR SENTENCING.

Jeffrey J. Trosclair
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100, Ext. 550
Counsel for Appellee:
        State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**Darrell Lamont Algere**

**Darrell Lamont Algere**
**IN PROPER PERSON**
**Louisiana State Prison**
**CBA-LL2**
**Angola, LA 70712**

**DECUIR, Judge.**

Darrell Lamont Algere was charged with one count of attempted first degree murder, a violation of La.R.S. 14:27 and 14:30, one count of aggravated burglary, a violation of La.R.S. 14:60, and one count of possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The charge of aggravated burglary was *nolle prossed,* and the attempted first degree murder charge was reduced to attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. Defendant filed a "Motion to Enter a Plea of 'Not Guilty and Not Guilty by Reason of Insanity'" and "Motion to Form Sanity Commission." The trial court ordered a sanity commission to be convened wherein the trial court determined that Defendant was competent to proceed to trial.

The jury found Defendant guilty of attempted second degree murder and possession of a firearm by a convicted felon. Subsequently, Defendant was charged by bill of information as a second felony offender pursuant to La.R.S. 15:529.1.

Defendant was sentenced on the conviction for attempted second degree murder to forty years at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court did not impose a sentence on the conviction for possession of a firearm by a convicted felon.

Defendant has perfected a timely appeal, wherein he asserts that the sentence of forty years imprisonment imposed on the conviction for attempted second degree murder is excessive.

_____ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

The record before this court does not indicate that the trial court imposed a sentence on Defendant's conviction of possession of a firearm by a convicted felon. Following the Defendant's trial, a sentencing hearing was held, and the State announced the parties were there for sentencing on the Defendant's conviction of attempted second degree murder. The trial court sentenced the Defendant on the attempted second degree murder conviction to forty years at hard labor without the benefit of probation, parole, or suspension of sentence. There was no mention at the sentencing hearing of the conviction of possession of a firearm by a convicted felon. Additionally, this conviction was not included in the habitual offender bill filed by the State seeking to enhance the sentence imposed on the attempted second degree murder conviction. Consequently, we remand to the trial court for sentencing on the conviction of possession of a firearm by a convicted felon.

**ASSIGNMENT OF ERROR**

Defendant asserts that the sentence of forty years imprisonment without the benefit of parole, probation, or suspension of sentence imposed on the conviction for attempted second degree murder was constitutionally excessive.

The issue of whether Defendant's sentence was excessive is moot. On June 19, 2008, the State filed a habitual offender bill charging Defendant as a second felony offender pursuant to La.R.S. 15:529.1. On August 5, 2008, following the habitual offender hearing wherein Defendant was adjudicated a second felony offender, the sentence of forty years was vacated, and Defendant was sentenced to seventy-five years imprisonment.

2

**DECREE**

For the foregoing reasons, Defendant's appeal is dismissed, and the case is remanded for sentencing on the possession of a firearm by a convicted felon conviction.

**APPEAL DISMISSED; REMANDED FOR SENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.